IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM BOYD PIERCE, TDCJ #01208957, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-3194 |
| BRYAN COLLIER, *et al.*, | § § § § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiff William Boyd Pierce (TDCJ #01208957), a state inmate currently in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983. (Docket Entry No. 1). At the Court's request, Pierce has filed a More Definite Statement. (Docket Entry No. 11). The Court has conducted the screening required under 28 U.S.C. § 1915A and concludes that this case should be dismissed for the reasons stated below.

### I. Background

Pierce brings this civil action against the following Defendants: (1) TDCJ Executive Director Bryan Collier ("Collier"); (2) TDCJ Regional Director Tony O'Hare ("O'Hare"); (3) Warden David

Dickerson ("Dickerson"); (4) Assistant Warden—Estelle High Security Tracy Hutto ("Hutto"); and (5) the "Medical Department." Pierce, who is 78 years old, alleges that Defendants reclassified him and placed him in the Estelle High Security Unit for medical reasons because it has air conditioning and he has a heat restriction. He claims that the unit is too cold and bothers his arthritis and other medical conditions. Docket Entry No. 1 at 4. He seeks a transfer out of the Estelle High Security Unit to a unit without air conditioning. Id.

In his More Definite Statement, Pierce alleges that he was assigned to the Estelle High Security Unit on October 5, 2019, and that prior to that he was at the Michaels Unit. Docket Entry No. 11 at 1. He claims that the Medical Department recommended transfer to an air-conditioned unit without his consent, and that this constitutes medical battery. Id. at 1, 4. He states that he is housed in the Estelle High Security Unit in an individual cell. Id. at 1.

Pierce does not identify any policy that the Defendants implemented but claims that he has been subjected to cruel and unusual punishment or harsh conditions because he has been placed in a cold environment that aggravates his medical conditions, which include COPD, asthma, and arthritis. Id. He alleges that Collier is the "principal defendant" in this case with responsibility over his

2

agents, the other Defendants. Id. at 2-3. He states that O'Hare has conferred authority from Collier and that Dickerson and Hutto are responsible for the overall operations at the Estelle Unit and Estelle High Security Unit, respectively. Id. at 3.

Although Pierce generally alleges that it is too cold, he reports that when he complained, staff at the unit provided him with an extra blanket. Id. at 6. He alleges that he has a jacket and sleeps in his clothes. Id. He states that it is hard to breathe and he cannot get fresh air because the windows do not open and he is exposed to chemical gas or smoke from fires when the other inmates on his cell block are sprayed or start a fire. Docket Entry No. 1 at 4. Pierce alleges further that the cold affects his movement because of his knees and he cannot walk and get proper exercise.

Regarding his claim against the Medical Department, Pierce complains that it takes a long time to get an appointment with a medical provider. However, he discloses that he is on medications for his conditions and has four different inhalers. He also has a cane to help him walk. Pierce contends that he should be seen by a physician, not a nurse, and seeks a transfer to another unit.

## II.  **Standard of Review**

Pierce's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to

scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard, a court liberally construes a document filed *pro se*. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

### III. Discussion

Pierce asserts claims against several supervisory officials and the Medical Department, alleging that unnamed medical providers recommended his transfer to the Estelle High Security Unit without his consent. He claims that the unit is too cold and aggravates his medical conditions of arthritis and asthma. He also contends that he should not have been reclassified to be placed in the Estelle High Security Unit.

Pierce does not allege facts to show that any individual Defendant was personally involved in a deprivation of his civil rights. *See* Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (holding that a plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). Further, he does not identify a policy or practice that any of the supervisory officials implemented that violated his constitutional rights. *See* Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the

5

constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."). Without facts to show any Defendant's personal involvement or the implementation of a constitutionally defective policy, Pierce's claims against Collier, O'Hare, Dickenson, Hutto, and the Medical Department rest on a theory of vicarious liability or *respondeat superior*, which is not a basis for recovery under section 1983. Iqbal, 129 S. Ct. at 1949. Accordingly, Pierce fails to state a claim against any Defendant on this basis.

In addition, even if he had alleged facts to show how each Defendant was involved in his case, he fails to show a constitutional violation based on the conditions of his confinement. Regarding his reclassification and transfer, he does not state a claim because inmates have no protectable property or liberty interest in custodial classifications. *See* Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). "And while an inmate may maintain a due process challenge to a custodial reclassification that results in a transfer to lockdown, a prisoner must demonstrate 'extraordinary circumstances' by showing that the change in classification 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Alexander v. TDCJ, *et al.*, --- F.3d ----, 2020 WL 826452, at *3 (5th Cir. Feb. 20, 2020) (quoting Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008)). Pierce

6

alleges no such circumstances and reports that the transfer was for medical reasons or because he had a heat restriction.

In that regard, Pierce does not state a claim for unconstitutional cell conditions. To state such a claim, "a prisoner must show not only that the conditions were objectively 'so serious as to deprive prisoners of the minimal civilized measure of life's necessities,' but also that the responsible prison officials acted with deliberate indifference to his conditions of confinement." Id. (citing cases). To show deliberate indifference to prison conditions, a plaintiff must plead facts to indicate that the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). An official's "failure to alleviate a significant risk that he should have perceived, but did not" does not constitute Eighth Amendment deliberate indifference. Id. at 1979.

Although Pierce complains that it is too cold in his cell and he does not have enough access to fresh air, he does not allege facts to show that he is being deprived of the minimal civilized measure of life's necessities or that any of the Defendants acted with deliberate indifference to his situation. He discloses that unidentified officials provided him with an extra blanket when he complained of being cold and that he sleeps with his clothes on to

7

keep warm.  Pierce pleads no facts to show that any official was subjectively aware of a serious risk of substantial harm to plaintiff based on the cold or lack of ventilation and disregarded the risk.

Further, Pierce's allegations fall far short of what is required to establish a constitutional violation regarding the temperature of his cell.  For example, in Johnson v. Texas Board of Criminal Justice, 281 F. App'x 319, 320 (5th Cir. 2008), the plaintiff alleged that he was subjected to extremely high temperatures and humidity, low temperatures without adequate clothing or bedding, virtually nonexistent ventilation, no fire alarms, poor electrical equipment, and no basic hygiene.  Id.  The Fifth Circuit affirmed the district court's dismissal of that case, holding that although "exposure to cold temperatures without adequate protection can constitute an Eighth Amendment violation," vague and conclusory allegations regarding the cold do not state a claim "of a sufficiently serious deprivation that denied the minimal civilized measure of life's necessities."  Id. (citations and quotation marks omitted). Likewise, Pierce's conclusory claims that his cell is too cold and lacks proper ventilation does not rise to the level of a constitutional violation.  Accordingly, his claims regarding his conditions of confinement must be dismissed for failure to state a claim for which relief may be granted under 28 U.S.C. § 1915(e)(2).

## IV. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff William Boyd Pierce's claims against all Defendants are **DISMISSED** with prejudice for failure to state a claim for which relief may be granted; and it is

**ORDERED** that all other pending motions, if any, are **DENIED**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: **Three_Strikes@txs.uscourts.gov**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 21ST day of March, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE